UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO GERON,

                        Petitioner,

      -against-

SUPERINTENDENT H. GRAHAM,

                        Respondent.

18cv00168 (GHW) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

In his habeas proceeding, *pro se* petitioner Roberto Geron ("Petitioner") challenges the constitutionality of his guilty plea, contending that it was not knowing, voluntary, and intelligent. (*See generally* Affidavit of Roberto Geron, sworn to Dec. 6, 2017 (herein referred to as "Petition" or "Pet.") (Dkt. 1).)  Currently before this Court is an application by Petitioner (Dkt. 25), requesting that this Court stay these proceedings and hold his Petition in abeyance, so that he may attempt to exhaust, via a state petition for a writ of error *coram nobis*, a claim that his appellate counsel provided him constitutionally ineffective assistance by failing to raise, on direct appeal, Petitioner's challenge to the validity of his plea.  For the reasons set forth below, Petitioner's application for a stay is denied.

## BACKGROUND

In connection with a shooting that occurred in July of 2011, Petitioner was charged with murder and weapons possession, and, on November 21, 2012, he pleaded guilty, in the New York Supreme Court, New York County, to one count of manslaughter in the first degree, in violation of N.Y. Penal Law § 125.20(1), and one count of criminal possession of a weapon in the second degree, in violation of N.Y. Penal Law § 265.03(1)(b). (*See* Pet. ¶¶ 4, 5, 9, 19; *see also* Brief for Defendant-Appellant, dated Apr. 19, 2016 ("Pet. App. Br.") (contained in the State

Court Record ("SR")), at SR 8-10.)  Petitioner was sentenced on December 11, 2012 to concurrent terms of imprisonment of 22 years on the manslaughter conviction and 15 years on the weapons possession conviction, to be followed by five years of supervised release.  (Pet. ¶ 7; Pet. App. Br., at SR 10-11.)  Petitioner subsequently appealed to the Appellate Division, First Department, claiming (1) that his sentence was excessive, and (2) that he had not executed a valid waiver of his right to appeal.  (*See* Pet. App. Br., at SR 2.)  On October 13, 2016, the Appellate Division issued a decision finding that Petitioner's sentence was not excessive and affirming the judgment against him (SR 43), and, on December 19, 2016, the New York Court of Appeals denied leave to appeal (SR 48).

In December of 2017, Petitioner filed his *pro se* habeas Petition in this Court, principally claiming that his conviction should be set aside because his plea was not validly made.  (*See generally* Pet.)  Respondent opposed the Petition, arguing, *inter alia*, that Petitioner's challenge to his plea was unexhausted and procedurally barred, as the record was sufficient to have enabled Petitioner to raise the claim on direct appeal, but he failed to do so.  (*See generally* Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus, dated July 11, 2018 ("Resp. Mem.") (Dkt. 20).)  Petitioner filed a response to that opposition (Responsive Pleading, dated July 26, 2018 (Dkt. 23)), but, more than a year later, he also filed the instant application to stay these proceedings (Application for a Stay and Abeyance, dated Nov. 5, 2019 ("Pet. Stay Appl.") (Dkt. 25)), in which he stated that he had "finally been assigned the assistance of a qualified legal assistant," who had "start[ed] preparing a [petition for] a Writ of Error Coram Nobis to fully exhaust [Petitioner's] plea claims" (*id.*, at 1).

As a petition for a writ of error *coram nobis* is a vehicle used to raise claims of ineffective assistance of appellate counsel, this Court assumes that Petitioner is now seeking to

argue, in this Court, that the reason he failed to exhaust his asserted habeas claim challenging his plea was that he was denied the effective assistance of counsel on his direct appeal.  In other words, this Court understands that, in order to overcome the procedural bar to this Court's consideration of his unexhausted (and thus defaulted) claim, Petitioner is attempting to assert that he had "cause" for his default of that claim (*i.e.*, his appellate counsel should have raised the plea claim, but failed to do so), and that he is now seeking to exhaust the ineffective-assistance claim. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).[1]  In response to Petitioner's stay application, Respondent contends that Petitioner has failed to meet the standards for the issuance of a stay, as set out in *Rhines v. Weber*, 544 U.S. 269 (2005).  (*See* Letter to the Court from Lisa E. Fleischmann, Esq., dated Nov. 25, 2019 (Dkt. 26).)  Petitioner, on reply, states that he has now proceeded to file his *coram nobis* application (*see* Reply to Opposition for a Stay and Abeyance, dated Dec. 10, 2019 ("Pet. Stay Appl. Reply") (Dkt. 27), at 2), and argues that "it would be a great prejudice to him to deny him the ability to add this claim [presumably his habeas claim, challenging his plea] just because he lacked the funds to pay for a lawyer, who would have been able to properly determine all his potential claims" (*id.*, at 1).

---

[1] Although not every attorney error will be sufficient to establish cause for a procedural default, the Supreme Court has held that, where counsel's conduct fails to meet the standards guaranteed by the Sixth Amendment, the cause requirement will be satisfied. *Id.* at 486-88.  In *Murray*, however, the Supreme Court added that "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 488-89 (citation omitted).  To exhaust a claim of ineffective assistance of appellate counsel, a petitioner convicted under New York law must first raise the claim to the Appellate Division, in an application for a writ of error *coram nobis*, and must then seek leave to appeal the denial of that motion to the New York Court of Appeals.  *See Shomo v. Maher*, No. 04cv4149 (KMK), 2005 WL 743156, at *3 (S.D.N.Y. Mar. 31, 2005) (citing N.Y. C.P.L. §§ 450.90(1), 460.10(5)(a)).

## **DISCUSSION**

Under *Rhines*, a district court should stay a habeas petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Although "[t]he 'good cause' requirement is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner," *Perkins v. LaValley*, No. 11cv3855 (JGK), 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (internal quotation marks and citation omitted), "stay and abeyance should be available only in limited circumstances" so as not to undermine the "twin purposes" of the federal habeas statute: "encouraging finality" and "streamlining federal habeas proceedings," *Holguin v. Lee*, No. 13cv1492 (LGS) (JLC), 2013 WL 3344070, at *2 (S.D.N.Y. July 3, 2013) (quoting *Rhines*, 544 U.S. at 277)). "[I]t is the petitioner who has the burden of demonstrating 'good cause' for his failure to exhaust previously any unexhausted claims." *Perkins*, 2012 WL 1948773, at *1.

In this instance, Petitioner is not seeking a stay so as to exhaust the apparently unexhausted claim that he raised in his habeas Petition (*i.e.*, his plea claim), and, indeed, Respondent argues that, as that claim could have been raised on direct appeal, it cannot be exhausted now. (*See* Resp. Mem., at 11-12.) Rather, Petitioner is seeking a stay so that he may exhaust a separate ineffective-assistance claim, so that, under *Murray* (*see supra*, at n.1), he may potentially have a basis for justifying his procedural default of his plea claim. Under *Rhines*, though, in order to obtain a stay of these proceedings for the purpose of exhausting any particular claim, Petitioner must show good cause for his failure to have exhausted that claim prior to commencing this action. *See Rhines*, 544 U.S at 277-78. Here, Petitioner has not demonstrated a legitimate justification for his failure to assert his ineffective-assistance claim until nearly three

4

years after his conviction became final, and fully two years after he filed his habeas Petition –
well after he would have been aware of the factual basis for that claim.

The only explanations offered by Petitioner for his substantial delay are that he "has finally been assigned the assistance of a qualified legal assistant" (Pet. Stay Appl., at 1), and that "he is a[n] unlearned person in the matters of law and procedure" (Pet Stay Appl. Reply, at 1). These types of explanations have been held insufficient to justify a failure to exhaust claims. *See, e..g.*, *Castro v. Lamanna*, No. 18cv3315 (RA), 2019 WL 293388, at *2 (S.D.N.Y. Jan. 22, 2019) (holding that a "[p]etitioner's ignorance of the law . . . does not constitute 'good cause' for failure to exhaust") (collecting cases). As Petitioner has not adequately demonstrated "good cause" for his failure to exhaust his ineffective-assistance claim prior to commencing this action, he has not satisfied his burden of meeting the standards necessary to justify the Court's staying of these proceedings.

## **CONCLUSION**

For the reasons set forth above, Petitioner's request that the Court stay these proceedings and hold his Petition in abeyance pending his exhaustion of his ineffective-assistance-of-appellate-counsel claim is denied.

Within seven days of the date of this Order, Respondent's counsel shall mail a copy of this Order to Petitioner and file proof of such service on ECF. If Respondent's counsel is unable to complete this mailing as a result of disruptions related to the COVID-19 outbreak, counsel shall promptly notify the Court by letter filed on ECF.

The Clerk of Court is directed to close the motion filed as Dkt. 25 on the Docket of this action.

Dated: New York, New York
April 15, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge